UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DLH DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10CV297 CDP |
| | ) |
| THE PRUDENTIAL INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff John DLH Doe originally filed this action in Missouri state court, seeking review of defendant Prudential Insurance Company's decision to deny him long-term disability benefits. Defendant later removed the case under 28 U.S.C. § 1441, claiming that this Court has original jurisdiction because of the complete diversity of citizenship, and because plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Denying that the Court has either diversity or federal-question jurisdiction, plaintiff now moves to remand the action back to state court. Because I determine that there exists complete diversity of citizenship, I will deny plaintiff's motion and schedule this case for a Scheduling Conference pursuant to Fed. R. Civ. 16.

## **Background**

According to plaintiff's complaint, he was a partner in a law firm St. Louis, Missouri when he suffered a major cardiac event in September of 2006. Plaintiff was hospitalized for thirteen days and suffered from a significant brain injury that affected his short-term memory and other cognitive functions. After his release from the hospital, plaintiff returned to work at his law firm, but he had difficulty performing his regular job functions and was informed by other partners that he could not remain with the firm.

As a partner in his law firm, plaintiff had paid to enroll in a long-term disability benefits plan (the "plan") offered by defendant. Under this plan, if plaintiff became disabled and was unable to perform the regular functions of his job for more than ninety days, defendant would pay plaintiff monthly benefits amounting to sixty percent of his pre-disability monthly income, less any applicable offsets as provided in the plan. In December of 2006, plaintiff applied for long-term disability benefits under the plan, and defendant approved his claim. However, defendant discontinued the long-term disability payments in December of 2008 after reviewing tests that, according to defendant, indicated that plaintiff was no longer disabled. Plaintiff appealed this decision, but defendant affirmed it after an administrative review.

Plaintiff then filed this action seeking review of the denial of benefits in Missouri state court, and defendant removed to this Court because of the federal questions presented and because of the complete diversity of citizenship. Specifically, defendant claimed that the disability plan at issue is regulated by ERISA, and that there is complete diversity of citizenship because plaintiff is a Missouri citizen and defendant is incorporated and headquartered in New Jersey. After I scheduled a Scheduling Conference pursuant to Fed. R. Civ. P. 16 for the case, plaintiff moved to remand the action back to state court, denying that the Court has original jurisdiction. In light of plaintiff's motion to remand, I postponed the Rule 16 conference.

## **Discussion**

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." District courts have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds $75,000, excluding costs and interest. 28 U.S.C. § 1332. Under federal-question jurisdiction, district courts have original jurisdiction "of all actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. As mentioned above, defendant contends that I have original jurisdiction under section 1331, because the benefits plan at issue is regulated by ERISA. Plaintiff denies that

contention. As I discuss in more detail below, however, I determine that I have jurisdiction over this case because of the complete diversity of citizenship, so I need not decide at this time whether the plan is regulated by ERISA.

When, as here, a defendant seeks to remove a case to federal court on the basis of diversity jurisdiction, the defendant has the burden of proving both (1) the complete diversity of citizenship, and (2) that the amount in controversy exceeds the jurisdictional minium. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1194 (2010); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). A defendant satisfies that burden by establishing the existence of federal jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *Bell*, 557 F.3d at 956. Once the defendant satisfies the burden, remand is only appropriate if the plaintiff can establish "to a legal certainty" that there is incomplete diversity of citizenship or that the amount in controversy is less than $75,000. *See Bell*, 557 F.3d at 956. Any doubt about federal jurisdiction must be resolved in favor of remand. *In re Prempro*, 591 F.3d at 620.

In his briefs, plaintiff raises several challenges to this Court's diversity jurisdiction. First, he claims defendant has not shown by a preponderance of the evidence that the parties are completely diverse, because there is insufficient

evidence that defendant's principal place of business is in New Jersey[1]. Because defendant is a corporation, it is a citizen of both the state "by which it has been incorporated," and the state "where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1). The Supreme Court recently explained that, for purposes of section 1332, a corporation's principal place of business is the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz*, 130 S. Ct. at 1192.

In its response to plaintiff's motion, defendant has submitted an affidavit from one of its employees stating that defendant's headquarters and principal place of business are located in New Jersey. The affidavit is admittedly sparse in detail, but it is sufficient evidence that New Jersey is the state of defendant's principal place of business. *See id.* (noting that a corporation's principal place of business "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination"). Moreover, plaintiff has not produced any evidence that another state, much less Missouri, is the center of defendant's direction, control, or coordination, or that defendant's affidavit is an attempt at jurisdictional manipulation. *See id.* at 1194-95 (noting that defendant's "unchallenged

---

[1]It is undisputed that plaintiff is a Missouri citizen and that defendant is incorporated in New Jersey.

declaration" that New Jersey was the center of defendant's direction, control, and coordination suggested that that state was its principal place of business, but remanding to allow plaintiffs an opportunity to present evidence in light of the Court's holding). Because defendant has produced sufficient evidence that its principal place of business is New Jersey, plaintiff's first challenge to this Court's diversity jurisdiction is without merit.

Plaintiff next contends that there is insufficient evidence that the amount in controversy exceeds $75,000. As the proponent of federal jurisdiction, defendant has the burden of showing by a preponderance of the evidence that the amount of plaintiff's claims exceeds that jurisdictional threshold. *Bell*, 557 F.3d at 956. If defendant satisfies that requirement, plaintiff must respond by establishing to a "legal certainty" that his claims are for less than $75,000. *Id.* In his complaint, plaintiff seeks "[m]onetary damages in the aggregate of the monthly amount of disability benefits owed to Plaintiff from and after December 20, 2008 through the time of judgment." As defendant points out in its response, assuming plaintiff is found to be disabled, he will be entitled to disability payments of sixty percent of his pre-disability earnings, less any applicable offsets. Sixty percent of plaintiff's pre-disability income of $25,000 per month is $15,000 per month. This amount times thirteen months – the time between the December 20, 2008 date upon which plaintiff contends his benefits were improperly terminated and the date of removal

– results in damages of $195,000, if no offsets apply. Defendant also produces evidence that plaintiff's damages would be $168,000 – well above the $75,000 threshold – even if a finder of fact determined that an offset for social security benefits should apply.

In response, plaintiff cites defendant's sixth affirmative defense, in which defendant alleges that "[a]ny benefits due under the Plan are subject to offset, integration or other deductions or adjustments in accordance with Plan terms." According to plaintiff, defendant has failed to show that the amount in controversy exceeds $75,000, because a finder of fact might eventually conclude that plaintiff's damages are to be reduced because of offsets in the plan. But "[t]he jurisdictional fact . . . is not whether damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are . . . " *Bell*, 557 F.3d at 959 (internal citation and quotation marks omitted) (emphasis in original). Defendant has produced sufficient evidence that the amount in controversy exceeds $75,000, and plaintiff presents no evidence, let alone evidence to a legal certainty, that the amount in controversy is less than $75,000.

Because defendant has shown by a preponderance of the evidence that complete diversity of citizenship exists and that the amount in controversy exceeds $75,000, I conclude that I have original jurisdiction over this action under 28 U.S.C. § 1332, and I will deny plaintiff's motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#10] is denied.

**IT IS FURTHER ORDERED** that a Scheduling Conference pursuant to Fed. R. Civ. P. 16 is set for **Thursday, July 22, 2010 at 3:00 p.m. in my chambers**, and that the parties are to file a joint proposed scheduling plan no later than **July 15, 2010.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2010.